UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIE K. ESMAN,

    Plaintiff,

v.

    Case No. 11-13590

    Hon. John Corbett O'Meara

BAC HOME LOANS SERVICING, LP,
BANK OF AMERICA, N.A.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
BANK OF AMERICA'S MOTION TO DISMISS**

    Plaintiff, Allie K. Esman, filed this action to rescind his mortgage on July 22, 2011, in state court. Defendant Bank of America, N.A. ("BANA"), also being sued as "BAC Home Loans Servicing, LP,"[1] removed the action to this court on August 17, 2011. Defendant filed its motion to dismiss, which has been fully briefed, on September 29, 2011. The court heard oral argument on December 1, 2011, and took the matter under advisement. For the reasons stated below, Defendant's motion is granted.

**BACKGROUND FACTS**

    On July 26, 2007, Plaintiff closed on a refinance mortgage loan with Countrywide[2] with a principal balance of $473,513.62. In connection with the loan, Plaintiff executed a promissory note and a mortgage relating to real property located at 567 Chesterfield Avenue, Birmingham,

---

[1] On July 1, 2011, BANA became successor by merger to BAC Home Loans Servicing, LP.

[2] BANA is successor in interest to Countrywide.

Michigan. In addition, Plaintiff received and executed a Truth in Lending Disclosure Statement, an Itemization of Amount Financed, Statement of Borrower's Benefits, Settlement Statement, and Notice of Right to Cancel. See Def.'s Exs. 3-7.

Plaintiff alleges that he was not provided with complete and accurate disclosures regarding the loan, as required by the Truth in Lending Act ("TILA"). Plaintiff contends that this violation entitles him to rescind the transaction. Plaintiff mailed a rescission letter to Countrywide on July 22, 2010, which was returned to sender as undeliverable. Plaintiff then mailed a rescission letter to BAC Home Loans Servicing, LP (now BANA), on August 20, 2010. On August 25, 2010, BANA responded that "[y]our loan remains in full force and effect. . . ." Def.'s Ex. 9. Plaintiff filed this action on July 22, 2011, alleging violations of TILA disclosure requirements and a failure to honor Plaintiff's rescission notice under TILA. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## LAW AND ANALYSIS

One of the purposes of the TILA is to enhance consumers' informed use of credit. See 15 U.S.C. § 1601(a). To that end, the TILA requires the lender to provide material disclosures to the borrower. See 15 U.S.C. §§ 1601-1602, 1639. The TILA also provides that in a consumer credit transaction in which a "security interest . . . is . . . acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. . . ." 15 U.S.C. § 1635(a). If a creditor fails to provide the required notice of the right to rescind or the TILA's material disclosures, the right to rescind exists for three years after the consummation of

the transaction. See 15 U.S.C. § 1635(f). Section 1635(f) provides:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.

Id.

Plaintiff contends that, because he did not receive the required disclosures, he had three years from the time of the loan transaction to rescind. BANA argues that Plaintiff did receive the required disclosures, and therefore his rescission period expired within three days of the transaction. Even if Plaintiff did not receive the required disclosures, however, his claim is not timely.

Courts have identified section 1635(f) as a statute of repose, rather than a statute of limitation. A statute of repose does not necessarily correspond to the accrual of any cause of action; the injury need not have occurred or discovered for the period to begin running. See Jones v. Saxon Mortg., Inc., 537 F.3d 320, 326-27 (5th Cir. 1998) ("[A] statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time."). The Supreme Court has held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998). Therefore, Plaintiff's right to rescind expires three years after the closing of his loan, or July 26, 2010.

Plaintiff suggests that the mailing of a letter to Countrywide purporting to rescind the loan on July 22, 2010, preserved his right to rescind. However, the Supreme Court has explained that "Congress's manifest intent" was that "the Act permits no federal right to rescind,

defensively or otherwise, after the 3-year period of § 1635(f) has run." Beach, 523 U.S. at 419. In doing so, the "Court implicitly recognized that any claim for rescission under § 1635 must be filed within the three-year period. It may be that an obligor may invoke the right to rescission by mere notice. Mere invocation without more, however, will not preserve the right beyond the three-year period. Rather, consistent with § 1635(f), a legal action to enforce the right must be filed within the three-year period or the right will be 'completely extinguished.'" Williams v. Wells Fargo Home Mortg. Inc., 2011 WL 395978 (3d Cir. Feb. 8, 2011) (citing Beach, 523 U.S. at 412).

Plaintiff filed this action on July 22, 2011, well after the three-year period expired. A statute of repose is not subject to equitable tolling. See id. Therefore, Plaintiff is not entitled to rescind his loan transaction and the court must dismiss his TILA claim. Further, to the extent Plaintiff seeks damages under the TILA, that claim is time-barred as well. See 15 U.S.C. § 1640(e) (statute of limitations is one year from violation).

## ORDER

Accordingly, IT IS HEREBY ORDERED that Bank of America's September 29, 2011 motion to dismiss is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  December 9, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 9, 2011, using the ECF system.


s/William Barkholz
Case Manager